**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **RICHARD L. PONZIANI,** | |
| **Plaintiff,** | **Civil Action No.:** |
| **v.** | |
| **FORD MOTOR COMPANY and TRW AUTOMOTIVE HOLDINGS CORP.** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Richard L. Ponziani complains of Defendants Ford Motor Company and TRW Automotive Holdings Corp. as follows:

### NATURE OF LAWSUIT

1.      This complaint contains claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      Richard L. Ponziani ("Mr. Ponziani") is an individual with his principal residence at 1958 Home Path Court, Dayton, Ohio 45459.

3.      Defendant Ford Motor Company ("Ford") is a publically traded corporation organized under the laws of the State of Delaware with The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent. Ford's principal place of business is at One American Road, Dearborn, Michigan 48126.

4.      Defendant TRW Automotive Holdings Corp. ("TRW") is a publically traded corporation organized under the laws of the State of Delaware with Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its registered

agent. TRW's principal place of business is at 12001 Tech Center Drive, Livonia, Michigan 48150.

## JURISDICTION AND VENUE

5.     This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et. seq.*

6.     This Court has personal jurisdiction over Defendants Ford and TRW because they are incorporated within this District, because they have committed acts of infringement in violation of 35 U.S.C. § 271 and because they have placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District. These acts by Ford and TRW cause injury to Mr. Ponziani within this District. Upon information and belief, Ford and TRW derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate commerce.

7.     Venue is proper within this District as to Defendants under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.     Mr. Ponziani has a Bachelor of Science in Electrical Engineering degree from Ohio State University, a Master of Business Administration degree from the University of Dayton, and is a State of Ohio Registered Professional Engineer. He has over 32 years of experience as an automotive design engineer, including at General Motors, ITT Automotive, Valeo, Vapor Systems Technologies, Saia Burgess, Globe Motors and Johnson Electric. He is the author and presenter of five papers at the Society of Automotive Engineers World Congress.

9.     Mr. Ponziani is the sole inventor and assignee of U.S. Patent No. 7,408,455, entitled "Electronic Intelligent Turn Signal Control System," which issued on August 5, 2008 (the "'455 Patent") (a true and correct copy of which is attached as Exhibit A). Mr. Ponziani owns all right, title and interest in, and has standing to sue for infringement of the '455 Patent.

**COUNT I - CLAIM FOR INFRINGEMENT OF US PATENT NO. 7,408,455**

10.     Mr. Ponziani incorporates and realleges paragraphs 1 to 9 of this Complaint as if fully set forth herein.

11.     Ford infringes and continues to directly infringe at least claim 1 of the '455 Patent within the meaning of 35 U.S.C. § 271(a) through its manufacture, sale, offer for sale, and/or importation of vehicles incorporating "Intelligent 3-Blink Turn Signal" functionality incorporating TRW's Steering Column Control Modules (SCCM), including, but not limited to vehicles manufactured and sold in the following years: 2010-2014 Ford Super Duty Truck, 2010-2014 Ford F Series Truck, 2010-2014 Ford F Series Chassis, 2012-2014 Ford Flex, 2012-2014 Lincoln MKT, 2010-2014 Ford Edge, 2010-2014 Lincoln MKX, 2011-2014 Ford Explorer, 2012-2014 Ford Taurus, 2012-2014 Lincoln MKS, 2012-2014 Ford Fusion, 2012-2014 Lincoln MKZ (hereafter "accused Ford vehicles").

12.     TRW has actively induced, and continues to actively induce the infringement of at least claim 1 of the '455 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing the infringing manufacture, sale and offer for sale of the accused Ford vehicles within the United States which incorporate TRW's Steering Column Control Modules. TRW has knowingly and actively induced infringement through its own manufacturing, offering to sell and/or selling the "Intelligent 3-Blink Turn Signal" functionality to Ford via its Steering Column Control Modules and by instructing, aiding, assisting, authorizing, advertising, marketing, promoting, providing

for and/or encouraging the offer for sale, sale and use of such functionality to Ford. TRW should have known that its conduct would induce Ford to manufacture, sell and offer for sale vehicles which infringe the '455 Patent.

13. TRW has contributorily infringed and continues to contributorily infringe at least claim 1 of the '455 Patent under 35 U.S.C. § 271(c) by at least manufacturing, importing, selling, and/or offering for sale within the United States its Steering Column Control Modules (SCCM) that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing uses.

14. Ford has been aware of the '455 Patent since at least December 13, 2009. In early 2010, Mr. Ponziani communicated with several people at Ford about his turn signal technology. Mr. Ponziani was invited to and travelled to Ford's offices in Dearborn, Michigan and presented slides and discussions about his turn signal technology to a roomful of Ford employees on February 26, 2010. In early November 2010, Mr. Ponziani spoke with Todd Mustaine (believed to be the Product Portfolio Manager in the Ford Research and Advanced Engineering Department) at Ford to inquire if there was any interest in licensing his patents, including the '455 Patent, and was told that Ford was not interested. At that time, Mr. Ponziani advised Mr. Mustaine that he believed Ford was utilizing the inventions claimed in Mr. Ponziani's patents, including the '455 Patent.

15. TRW has been aware of the '455 Patent since at least the filing date of this Complaint.

16. Ford Motor Company is the direct infringer for purposes of TRW's indirect infringement pursuant to 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c), as Ford manufactures, sells, offers for sale, and/or imports of vehicles in the United States with the "Intelligent 3-Blink Turn

Signal" functionality incorporating TRW's Steering Column Control Modules (SCCM), as described above.

17.     To the extent required by law, Mr. Ponziani has complied with the provisions of 35 U.S.C. § 287 with respect to the '455 Patent.

18.     Mr. Ponziani has sustained damages as a direct and proximate result of Ford and TRW's infringement of the '455 Patent.

19.     The infringement reflected above has injured Mr. Ponziani and Mr. Ponziani is entitled to recover damages adequate to compensate him for such infringement, but in no event less than a reasonable royalty.

20.     Ford's infringement of the '455 Patent has been willful and deliberate and will continue unless enjoined by the Court. Pursuant to 35 U.S.C. § 284, Mr. Ponziani is entitled to treble damages for this willful and deliberate infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Richard L. Ponziani respectfully requests this Court to enter judgment against Defendants Ford Motor Company and TRW Automotive Holdings Corp. and against their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A.     The entry of judgment in favor of Mr. Ponziani and against Defendants;

B.     An award of damages against Defendants adequate to compensate Mr. Ponziani for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began and treble damages;

C.     A finding that this case is exceptional and an award to Mr. Ponziani of his reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

D.     Such other relief to which Mr. Ponziani is entitled to under the law and any other and further relief that this Court or a jury may deem just and proper.

**JURY DEMAND**

Mr. Ponziani demands a trial by jury on all issues presented in this Complaint.

Dated: February 26, 2014                Respectfully submitted,

*Of Counsel:*                             */s/ George Pazuniak*

Timothy J. Haller                       George Pazuniak (DE Bar No. 00478)

Kara L. Szpondowski                   O'KELLY ERNST & BIELLI, LLC

Ashley E. LaValley                    901 North Market Street, Suite 1000

NIRO, HALLER & NIRO              Wilmington, DE 19801

181 West Madison Street, Suite 4600    Phone: (302) 478-4230

Chicago, IL 60602                    Fax: (302) 295-2873

Phone: (312) 236-0733            gp@del-iplaw.com

Fax: (312) 236-3137

haller@nshn.com

szpondowski@nshn.com

*Attorneys for Plaintiff, Richard L. Ponziani*